IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES DISTOR,<br><br>    Plaintiff,<br>  v.<br><br>US BANK NA, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-02086 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

Defendants' motions to dismiss the complaint came on regularly for hearing on October 9, 2009. Defense counsel appeared; plaintiff's counsel did not. Accordingly, matter was submitted on the papers. Having considered the arguments of counsel and the papers submitted, the Court GRANTS defendants' motions.

**BACKGROUND**

This action arises from a mortgage loan received by plaintiff Lourdes Distor. The complaint is shy on facts, but the parties agree that plaintiff entered into a loan on or about August 7, 2006. The mortgage is against plaintiff's principal dwelling. Complaint ¶ 16. Plaintiff alleges – without elaboration -- that a list of "material disclosures" were not provided to her by defendant GreenPoint at the time the loan was entered into: (a) good faith estimate; (b) deed of trust; (c) escrow statements; (d) handbook on adjustable rate mortgages; (e) HUD brochures; (f) business affiliations disclosure; (g) private mortgage insurance disclosure; (h) finance charge itemization disclosure; (i) patriot act disclosure; (j) appraisal disclosure; (k) loan servicing disclosure statement; (l) consumer credit score; and (m) hazard insurance disclosure. The remainder of plaintiff's complaint consists of legal argument.

Presently before the Court are defendants GMAC's and Greenpoint's motions to dismiss the complaint for failure to state a claim.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," *id.*, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.    Judicial Notice**

Defendant GreenPoint asks the Court to take judicial notice of the following documents related to the mortgage agreement at issue in this case: the deed of trust; the notice of default and election to sell under deed of trust; the notice of trustee's sale; disclosures listed in plaintiff's complaint; and an

2

order issued by Central District of California Judge Andrew Guilford. *See* GreenPoint's Request for Judicial Notice ("RJN"). "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). A district court may, however, consider material that is "properly submitted as part of the complaint"; or, if the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (citations, internal quotation marks, and ellipses omitted). A court may also take judicial notice of matters of public record. *Id.* at 689 (citation omitted); *see also* Fed. R. Evid. 201 ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

Here, GreenPoint has submitted five documents for judicial notice: (A) a copy of plaintiff's Deed of Trust; (B) a copy of a Notice of Default and Election to Sell Under Deed of Trust; (C) a copy of a Notice of Trustee's Sale on plaintiff's property; (D) a copy of the disclosures provided by GreenPoint, signed by plaintiff; and (E) a copy of two orders by Judge Guilford in *Lopez v. Litton Loan Servicing* and *Santiago v. Countrywide Home Loans* (unreported cases in the Central District of California). Items A, B, and C are all matters of public record. Items A and D are both items on which the complaint necessarily relies, and neither has been challenged as to its authenticity. Accordingly, the Court GRANTS GreenPoint's request for judicial notice as to these four documents.

Item E appears to be neither a matter of public record, as the minutes orders do not appear to have been published anywhere, nor is it in any way necessarily relied upon by the Complaint. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690. The Court therefore can only take notice of the existence of those cases, and certainly not minute orders from each of them. It is not clear why defendant wishes to Court to judicially notice the minute orders, but the analysis is the same

3

1 regardless.  Therefore, the Court DENIES GreenPoint's request for judicial notice of the prior minutes
2 orders, RJN Exhibit E.

**2.      Counts 1 and 2: the Truth in Lending Act Claims for Rescission and Damages**

     **A.      GMAC motion to dismiss TILA claims**

Defendant GMAC argues, as an initial matter that does not apply to GreenPoint, that both Truth in Lending Act ("TILA") claims must be dismissed as to GMAC because GreenPoint was the original lender, and GMAC is, and is only alleged to be, the loan servicer.  Defendant GMAC's Motion to Dismiss ("GMAC's MTD"), at 9.  Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point: "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."  15 U.S.C. § 1641(f).  If a loan servicer is an assignee of the loan, it is "subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage." 15 U.S.C. § 1641(d)(1).  A debtor's right to pursue a TILA claim against an assignee is limited, however, by a "prerequisite," which states that a TILA claim may be brought against an assignee "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." 15 U.S.C. § 1641(a). This provision has been interpreted as meaning that a TILA claim may be asserted against an assignee only for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents."  *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998).

Plaintiff alleges in the Complaint only that GMAC is a servicer of her mortgage loan, Complaint ¶ 7.  Plaintiff's opposition to GMAC's motion does not assert that GMAC was ever an owner of her loan, and states only that "[a]s a servicer, [d]efendant GMAC is subject to TILA's obligation."  Plaintiff's Opposition to GMAC's MTD, at 3.  Because plaintiff fails to allege that GMAC is or was

4

ever an owner of the obligation, or how the TILA violation committed by the loan originators was apparent on the face of the assigned documents, the motion to dismiss both TILA claims as to defendant GMAC is GRANTED, with leave to amend.

### B.  Count 1: The TILA rescission claim

Defendant GMAC argues alternatively that plaintiff's TILA rescission claim must fail because plaintiff's property has already been sold at a foreclosure sale. GMAC's MTD at 11. Defendant is correct that the foreclosure sale of plaintiff's property would terminate her right to rescind. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, *or upon sale of the property*, whichever occurs first") (emphasis added). Because the property has been sold,[1] plaintiff's rescission claim must necessarily fail, even though the sale was an involuntary foreclosure sale. *See Hefferman v. Bitton*, 882 F.2d 379, 383-84 (9th Cir. 1989) (plaintiff must send note of rescission prior to selling her own home); *Hallas v. Ameriquest Mortg. Co.*, 406 F.Supp.2d 1176, 1183 (D. Or. 2005) (foreclosure sale terminated plaintiff's right of rescission); *Fonua v. First Allied Funding*, No. 09-0497 2009 WL 816291 (N.D. Cal. Mar. 27, 2009); *Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 506 (E.D. Mich. 2004) ("A sale or transfer of the property need not be voluntary to terminate the right to rescind. For example, a foreclosure sale would terminate an unexpired right to rescind.") (quoting 12 C.F.R. § 226.23(a)(3)). Therefore, the motion to dismiss the TILA rescission claim is GRANTED as to all defendants, with prejudice.

### C.  Count 2: The TILA damages claim

Defendants also argue that plaintiff's TILA damages claim is time-barred. Damages are available for a TILA claim filed "within one year from the date of the occurrence of the violation." 15

---

[1] *See* Declaration of Kalama Lui-Kwan ¶ 4, Ex. A (Trustee's Deed Upon Sale of June 22, 2009).

5

U.S.C. § 1640(e). The mortgage loan was entered into on August 7, 2006, and the Complaint was filed on May 13, 2009. The one year statute of limitations would have run on August 7, 2007, so the complaint was filed more than one year and nine months after the statute had run.

The Ninth Circuit has held that in TILA damage cases "equitable tolling might be appropriate in certain circumstances." *King v. State of California*, 784 F.2d 910, 914 (9th Cir. 1986). Plaintiff correctly argues that because the applicability of equitable tolling depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Therefore, a "motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). In other words, "while a plaintiff need not specifically allege equitable tolling . . . in a complaint, the complaint must provide a factual basis to support [that] theory." *Cervantes*, 5 F.3d at 1277. Under *Twombly*, that factual basis may not be merely speculative, but must be "plausible on its face." *Twombly*, 544 U.S. at 570.

Plaintiff alleges that she is entitled to equitable tolling of the statute of limitations because defendants failed to make material disclosures.[2] Complaint ¶ 34. There is circularity to this argument since the only claim made for damages under TILA is the failure to make these disclosures. In any event, however, plaintiff not pled any facts suggesting why she did not have a "reasonable opportunity to discover" the alleged nondisclosures within the one year statutory period. Therefore, defendants' motion to dismiss the TILA damages claim is GRANTED with leave to amend. If plaintiff chooses to amend, she must allege facts to support her claim for equitable tolling, including why she was unable to discover the alleged material nondisclosures sooner.

---

[2] Plaintiff simply lists these "missing" disclosures: (a) Good Faith Estimate; (b) Deed of Trust; (c) Escrow Statements; (d) Handbook on Adjustable Rate Mortgages; (e) HUD Brochures; (f) Business Affiliations Disclosure; (g) Private Mortgage Insurance Disclosure; (h) Finance Charge Itemization Disclosure; (i) Patriot Act Disclosure; (j) Appraisal Disclosure; (k) Loan Servicing Disclosure Statement; (l) Consumer Credit Score Disclosure; and (m) Hazard Insurance Disclosure.

### 3.  Count 3:  Fair Debt Collection Practices Act claim

Plaintiff alleges that defendants violated the Fair Debt Collection Practices Act ("FDCPA") in the following ways: by failing to provide validation notice under 15 U.S.C. § 1692(e)(11); by failing to provide it within five days under 15 U.S.C. § 1692(g); by using false or misleading representations or deceptive means to collect debt in violation of 15 U.S.C. §§ 1692(e) and 1692(e)(10); and by using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692(f).

In order to establish a claim under the FDPCA, plaintiff must show: (1) that she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *See Creighton v. Emporia Credit Serv., Inc.*, 981 F.Supp. 411, 414 (E.D. Va. 1997).

GreenPoint argues that the FDCPA claim fails because: (1) plaintiff fails to allege facts to support the claim; (2) defendant GreenPoint cannot be a "debt collector" under the FDCPA; and (3) proceeding against a property secured by the creditor's own loan is not a debt-collection activity. GMAC argues that the FDCPA claim fails as to it because: (1) foreclosing on a property is not a violation of the FDCPA; and (2) GMAC is not a "debt collector" within the meaning of the FDCPA, so none of the provisions that constrain the behavior of debt collectors apply to it.  The Court will address defendants' common claim that neither is a debt collector first.

Under the FDCPA:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  The FDCPA does not apply to original creditors collecting their own debts. *See* § 1692a(6)(A).  The term "creditor" refers only to a person or entity that both:

> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by

1 agreement.

2 15 U.S.C. § 1602(f).

3 Defendant GreenPoint is correct that it cannot be a debt collector under the FDCPA, because GreenPoint is the originator of the loan,[3] and is simply attempting to collect its own debt. Defendant GMAC is also correct in that as a loan servicer it is also not a "debt collector" within the meaning of the FDCPA. "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Defendant GMAC was the loan servicer before the mortgage went into default, and the FDCPA excludes persons attempting to collect a debt that was not in default at the time it was obtained. *See* 15 U.S.C. § 1692a(6)(F)(iii).

Because plaintiff pleads no facts to support the allegation that GreenPoint and GMAC were "debt collectors" within the meaning of the FDCPA, plaintiff states no plausible claim for relief under the FDCPA. The motions to dismiss as to those claims are GRANTED with prejudice.

### 4.     **Count 5: Quiet Title Claim**

GreenPoint and GMAC also argue that the quiet title claim should be dismissed for two reasons: (1) because plaintiff has not alleged that she has repaid the debt; and (2) because plaintiff has not alleged that defendants hold adverse claims to her property. An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 760.020. A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; (3) the adverse claims to plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for determination of plaintiff's title against the adverse claims. *Id.* § 761.020(a-e).

First, both defendants cite *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (Cal. Ct. App. 1974), for the proposition that a borrower cannot quiet title without discharging his debt. *See* GreenPoint's MTD

---

[3] *See* Deed of Trust [RJN Exhibit A]

8

at 4; GMAC's MTD at 18. "The cloud upon his title persists until the debt is paid." *Aguilar*, 39 Cal. App. 3d at 477. Defendants are correct that plaintiff has no basis to quiet title without first discharging her debt, and that she has not alleged that she has done so and is therefore the rightful owner of the property.

Second, subdivision (c) of California Code of Civil Procedure Section 761.020 requires the naming of specific adverse claims as to which the plaintiff seeks to quiet title. Cal. Civ. Proc. Code § 761.020 (Law Revision Comment). Plaintiff claims that she is the owner of the property located at 438 Kensington Way, and that defendant adversely claims an interest in the property. Plaintiff's Opposition to GMAC's MTD at 7. However, plaintiff's complaint is deficient in that it is not supported by any additional facts alleging that defendants have no right to the property or any interest therein. Plaintiff fails to establish any of the claims adverse to her title. Instead, plaintiff states, in conclusory fashion, that defendants "are seeking to hold themselves out as the fee simple owners" of her property. Complaint ¶ 77. This conclusory allegation is not sufficient to quiet title. *See* § 761.020.

Third, because the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure. Plaintiff's claim to title has already been extinguished. Because the property has already been foreclosed upon and sold, plaintiff must first challenge the foreclosure. "If the foreclosure is successful, title will change, and the quiet title claim is an improper means to challenge foreclosure." *Lopez v. Chase Home Fin., LLC*, No. 09-0449, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009). As such, plaintiff has not stated a claim to quiet title, and defendants' motions to dismiss the quiet title claims are GRANTED with prejudice.

**5.    Count 4: Unfair Competition Law claim**

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 *et seq*; *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999). Pursuant to California law:

> Section 17200 defines unfair competition as any unlawful, unfair or fraudulent business act or practice. The "unlawful" practices prohibited by section 17200 are any practices

9

> forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. It is not necessary that the predicate law provide for private civil enforcement. As [the California] Supreme Court put it, section 17200 borrows violations of other laws and treats them as unlawful practices independently actionable under section 17200 et seq. "Unfair" simply means any practice whose harm to the victim outweighs its benefits. "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public are likely to be deceived.

*Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994) (internal citations, quotation marks, and ellipsis omitted). The UCL thus creates three separate causes of action, whereby a plaintiff can claim unfair competition based on the violation of another law, a public policy argument, or a likelihood that consumers will be deceived by the business practice at issue.

Here, plaintiff contends that all defendants violated the UCL's "unlawful act" prong by violating provisions of TILA and the FDCPA, "to such extent as to induce confusion as to the source and sponsorship of services." Complaint ¶ 59. Plaintiff further contends that all defendants violated the "unfair act" prong of the UCL "in that said acts and practices offend *public policy* and are substantially injurious to [p]laintiff and all consumers." *Id.* ¶ 62 (original emphasis). The Complaint, in attempting to describe the violation, alleges that defendants failed to make material disclosures under TILA. *Id.* ¶¶ 63-69. The Complaint also alleges a violation of the UCL's "fraudulent act" prong, generally stating that "said acts and practices are likely to deceive the public and affected consumers" and that the use of "such deception, [such as through the] falsifying [of] documents," as well as the failure to make material disclosures, harms the public. *Id.* ¶ 70.

GreenPoint urges that the UCL claims should be dismissed because they are not well pled. It argues that the unlawful acts claim fails because it lacks a predicate violation, that the unfair acts claim fails because it has not been pled with requisite specificity, and that the fraudulent acts claim fails because it does not comply with the pleading standards of Federal Rule of Civil Procedure 9(b). GreenPoint's MTD at 4-5.

GMAC argues that the UCL claims should be dismissed as well: the unlawful acts claim because it is preempted by federal law (TILA) and lacks an underlying predicate violation; the unfair acts claim because the complaint fails to meet the requirements for either test for unfairness in California; and the

10

fraudulent acts claim because plaintiff does not allege facts to support the contention that defendants' actions deceived the public.

### A.     The "Unlawful Acts" claim

"By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech*, 20 Cal. 4th at 180 (citation omitted). Plaintiff alleges that the predicate violations by defendants include "violat[ing] the provisions of TILA, Reg. Z, the FDCPA, the contract between the parties, and their fiduciary duties."  Complaint ¶ 61.

Because the TILA damages claim is barred by the statute of limitations, it may not be used as a predicate UCL violation. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008). *See also Reyes v. Downey Savings and Loan Ass'n*, 541 F. Supp. 2d 1108, 1115 (C.D. Cal. 2008) (same); *Adams v. SCME Mortg. Bankers, Inc.*, 2009 WL 1451715 *11 (E.D. Cal. May 22, 2009) (same). Because the FDCPA claim is not well pled, since neither defendant appears to be a "debt collector" within the meaning of the statute, the FDCPA claim cannot serve as the underlying violation for plaintiff's "unlawful acts" UCL claim. Plaintiff alludes to contract and fiduciary duty violations in the complaint, but does not plead any specific conduct that allegedly violated either of those very general categories of law.   Nor was conduct allegedly constituting a "RESPA" violation pled, and so cannot be used as a predicate violation for the UCL.[4]

Therefore, the motion to dismiss the UCL "unlawful acts" claim is GRANTED, with leave to amend.

---

[4] In Plaintiff's Opposition to GMAC's MTD, plaintiff alludes to GMAC failing to respond to a "RESPA Request."  Presumably, plaintiff is referring to the Real Estate Settlement Procedures Act, and cites to 12 U.S.C. § 2605. However, plaintiff only refers to RESPA in her TILA rescission claim, and never pleads any facts to support it.  This is insufficient to plead a RESPA violation as its own claim or as a predicate violation.

11

**B.     The "Unfair Acts" claim**

The California Supreme Court has never definitively addressed the test to be applied when evaluating a business practice for unfairness in a consumer action. The Courts of Appeal have applied two different tests in UCL consumer cases under the unfair acts prong. As one Court put it:

> There are two lines of appellate opinions addressing the definition of "unfair" within the meaning of the UCL in consumer actions. One line defines "unfair" as prohibiting conduct that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim. The other line of cases holds that the public policy which is a predicate to a consumer unfair competition action under the "unfair" prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions.

*Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1260-61 (Cal. Ct. App. 2006) (internal citations omitted).

In this case, plaintiff attempts to state claims under both tests, alleging that defendants violated the UCL's "unfair acts" prong by engaging in business practices that offended public policy and whose utility did not outweigh their harm to plaintiff. Complaint ¶ 62. Plaintiff alleges that defendants "substantially amended and failed to deliver *material* disclosures under TILA, failed to comply with the contract between the parties, failed to comply with statutory good faith and fair lending." Complaint ¶ 64. To the extent that this argument relies on predicate TILA violations, employing the public policy test described above, the claim is time-barred for the reasons previously discussed. To the extent that plaintiff is alluding to the balancing test by arguing that "[s]aid acts and practices have no utility that outweighs their substantial harm," Complaint ¶ 62, the argument is not well pled. Plaintiff has alluded to the test, but has not pled facts that would support the claim, only legal conclusions without support. Therefore, the motion to dismiss this charge is GRANTED with leave to amend if plaintiff can plead specific facts that show how specific acts of defendants meet one of California's tests for unfairness.

**C.     The "Fraudulent Acts" claim**

The term "fraudulent," as used in the UCL, "does not refer to the common law tort of fraud but

12

only requires a showing members of the public are likely to be deceived." *Saunders*, 27 Cal. App. 4th at 839 (internal quotations marks and citation omitted). The showing does not require proof that the plaintiff herself was actually deceived. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006). Instead, the plaintiff must produce evidence showing "a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care." *Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (Cal. Ct. App. 2003); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008). Here, plaintiff alleges that some unspecified acts of defendants "are likely to deceive the public and [affect] consumers." Complaint ¶ 70. However, plaintiff's allegations amount to no more than a conclusory recitation of the legal standard. She does not allege any facts to show that she was confused, what she was confused by, or what act by defendants was likely to confuse large numbers of consumers. Accordingly, the motion to dismiss plaintiff's claim for fraud under the UCL is GRANTED with leave to amend. Should plaintiff wish to do so, she will be required to allege specifically what acts of defendants are the source of the confusion and fraud, and also how such acts are likely to confuse or deceive large numbers of consumers.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motions to dismiss the TILA claims for rescission and damages, the FDCPA claim, the quiet title claim, and the UCL claim. **Should plaintiff wish to amend her complaint in accordance with this order, she must do so by November 5, 2009.**

**IT IS SO ORDERED.**

Dated: October 22, 2009

SUSAN ILLSTON
United States District Judge

13

14